UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BB Limited<br>1158 26th Street, #477<br>Santa Monica, California 90403,<br>On behalf of themselves and all others<br>Similarly situated,<br>　　　　　　　Plaintiff,<br>　v. | No._____<br><br>CLASS ACTION |
| YRC WORLDWIDE, INC.<br>10990 Roe Avenue<br>Overland Park, Kansas 66211-1213, | COMPLAINT FOR VIOLATION OF<br>THE SHERMAN ACT |
| FEDEX CORPORATION<br>942 South Shady Grove Road<br>Memphis, Tennessee 38120, | DEMAND FOR JURY TRIAL |
| UNITED PARCEL SERVICE, INC.<br>55 Glen Lake Parkway, NE<br>Atlanta, Georgia 30328, | |
| CON-WAY FREIGHT, INC.<br>10 Parkland Plaza<br>Ann Arbor, Michigan 48103, | |
| ARKANSAS BEST CORPORATION<br>3801 Old Greenwood Road<br>Fort Smith, Arkansas 72903, | |
| AVERITT EXPRESS<br>1415 Neal Street<br>Cookeville, Tennessee 38502, | |
| JEVIC TRANSPORTATION INC.<br>600-700 Creed Road<br>Delanco, New Jersey 08075, | |
| NEW ENGLAND MOTOR FREIGHT<br>INC.<br>1-71 North Ave. East<br>Elizabeth, New Jersey 07201, | |
| OLD DOMINION FREIGHT LINE, INC.<br>500 Old Dominion way<br>Thomasville, North Carolina 27360, | |

R&L CARRIERS, INC.
600 Gilliam Road
Wilmington, Ohio 45177,

SAIA, INC.
11465 Johns Creek Parkway
Suite 400
Duluth, Georgia 30097,

     Defendants.

Plaintiff BB Limited, on behalf of those similarly situated, bring this action for damages and injunctive relief under the antitrust laws of the United States against Defendants, demand a trial by jury and based upon information and belief and the investigation of counsel, except for information based on personal knowledge, allege as follows:

## NATURE OF THE ACTION

  1. Beginning on or before June 2003 (and continuing into the present), the Defendants have conspired to fix "fuel surcharges" for all Less Than Truckload (hereafter "LTL") shipment(s).

  2. Pursuant to Rules 23(a), 23(b) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff seeks treble damages, injunctive relief, attorneys' fees and costs under the antitrust laws of the United States on behalf of themselves and all others similarly situated.

  3. This action is instituted under §§4 and 16 of the Clayton Act, 15 U.S.C. §§15 and 26, to recover treble damages and costs of suit, including reasonable attorneys' fees, against Defendants for the injuries sustained by Plaintiff and the members of the Class (defined herein) by reason of the violations, as hereinafter alleged, of §1 of the Sherman Act, 15 U.S.C. §1.

4. This action is also instituted to secure injunctive relief against Defendants to prevent them from further violations of §1 of the Sherman Act, as hereinafter alleged.

## JURISDICTION

5. This Court has diversity jurisdiction over the Classes pursuant to 28 U.S.C. §1332(d)(2) and (6) because one or more members of the Classes defined herein are citizens of a State different from one or more of the Defendants and the aggregate amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs.

6. Jurisdiction is further conferred upon this Court by 28 U.S.C. §§1331 and 1337 and by §§4 and 16 of the Clayton Act, 15 U.S.C. §§15 and 26.

7. Venue is found in this district pursuant to §§4, 12 and 16 of the Clayton Act, 15 U.S.C. §§15, 22 and 26 and 28 U.S.C. §1391(b), (c) and (d). Venue is proper in this judicial district because during the Class Period one or more of the Defendants resided, transacted business, was found, or had agents in this district and a substantial portion of the affected interstate trade and commerce described below has been carried out in, this district.

8. Defendants maintain offices, have agents, transact business, and/or are found within this judicial district.

## DEFINITIONS

9. "Less than truckload" means the service of providing freight shipment, for carriage by truck, when the freight to be shipped by a customer is less than one truckload.

10. Plaintiff brings this action on behalf of itself and the members of the Damages Class comprising:

> All persons or entities who paid a "fuel surcharge" on less than truckload service directly to Defendants or their unnamed co-conspirators from July 30, 2003 through the date of this Complaint. Excluded from the Class are federal government entities, the Defendants, their co-conspirators and their respective parents, subsidiaries and affiliates.

3

## THE PARTIES

11. Plaintiff BB Limited is a company with its principal place of business in California. The Company is a member of the Class and directly paid fuel surcharges to one or more of the Defendants.

12. Defendant Arkansas Best Corporation ("ABF") is a trucking conglomerate incorporated in Delaware offering LTL services under a variety of business names and wholly-owned alter-ego subsidiaries, including ABF, ABF Freight System, ABF Freight System Canada, ABF Cartage, Land-Marine Cargo, and FreightValue, Inc. ABF's headquarters are in Fort Smith, Arkansas.

13. Defendant Averitt Express ("AE") is a privately-held company incorporated in Tennessee. AE's headquarters are in Cookeville, Tennessee.

14. Defendant Con-way, Inc. ("CW") provides LTL service, as well as truckload brokerage, airfreight forwarding, region asset based truckload service, transportation consulting, and assembly and distribution logistics programs for business-to-business supply cycle management. CW is headquartered in San Mateo, California.

15. Defendant FedEx Corporation ("FedEx") provides packaging shipping and freight services, including LTL service, and operates FedEx Kinko's, among other business lines. FedEx is a Delaware corporation with its principal place of business in California. FedEx's headquarters are located in Memphis, Tennessee.

16. Defendant Jevic Transportation, Inc. ("Jevic") is a New Jersey corporation. Jevic's headquarters are located in Delanco, New Jersey.

17. Defendant New England Motor Freight, Inc. ("NEMF") is a regional LTL company incorporated in New Jersey. NEMF's headquarters are located in Elizabeth, New Jersey.

18. Defendant Old Dominion Freight Line, Inc. ("ODFL") is a Virginia corporation. ODFL's headquarters are located in Thomasville, North Carolina.

19. Defendant R+L Carriers, Inc. ("RLC") is a privately-held LTL company,

4

incorporated in Ohio. RLC's headquarters are located in Wilmington, Ohio.

20. Defendant Saia, Inc. ("Saia") is an LTL company incorporated in Delaware with headquarters located in Duluth, Georgia.

21. Defendant United Parcel Service, Inc. ("UPS") is a freight, package delivery, and supply chain management company incorporated in Delaware. UPS's headquarters are located in Atlanta, Georgia.

22. YRC Worldwide Inc. ("YRC") is a large trucking company incorporated in Delaware. YRC's headquarters are located in Overland Park, Kansas.

## FACTS

23. LTL services are used by plaintiff and members of the Classes as a means to transport ground freight in North America. Total domestic LTL industry revenue ranged in excess of $25 billion (annually) during the Class Period.

24. Fuel cost is the only substantial variable Defendants must cover that is subject to wide variation in price. Without regard to the actual pricing of fuel, Defendants collusively imposed artificially high "fuel surcharges" on Class Members. The charges in fact bear little relation to the increase in their fuel costs. Higher fuel costs in fact were merely the pretext for Defendants to agree among themselves to impose collusive "fuel surcharges."

## OPERATION OF THE PRICE-FIXING CARTEL

25. In the early 2000s, Defendants intentionally began imposing increasingly high "fuel surcharges."

26. Defendants agreed to impose identical or nearly identical "fuel surcharges" by agreeing to tie the "fuel surcharges" to an index of diesel fuel prices published to the public by the United States Department of Energy ("Fuel Index").

27. Recently the Fuel Index was near $3.00. At that price, Defendants charged a "fuel surcharge" in excess of 20%.

28. The amount of the "fuel surcharge" imposed by the Defendants on orders

exceeds the entire cost of fuel for delivering the freight of most customers, and vastly exceeds the increase in fuel prices since the "fuel surcharge" was imposed.

## EFFECTS

29. The unlawful contract, combination or conspiracy alleged above had, *inter alia*, the following effects:

    (a) Prices charged by Defendants and their co-conspirators to Plaintiff and the members of the Class for LTL services were maintained at artificially high and noncompetitive levels; and

    (b) Plaintiff and members of the Class were required to pay more for LTL services than they would have paid in a competitive marketplace unfettered by Defendants' and their co-conspirators' collusive and unlawful price-fixing.

30. During and throughout the period of the contract, combination or conspiracy alleged above, Plaintiff and members of the Damages Class directly purchased LTL services in the United States.

31. Plaintiff and the other Damages Class members paid more for the LTL than they would have paid under conditions of free and open competition.

32. As a direct and proximate result of the illegal combination, contract or conspiracy alleged above, Plaintiff and the members of the Damages Class were injured and financially damaged in their businesses and property, in amounts that are not presently determinable but in excess of the amount necessary for the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

33. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

34. Plaintiff brings this action on its own behalf and as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all members of the Classes.

35. Plaintiff believes the members of the Class number in the thousands, the exact number and identities being known only by Defendants.

36. The members of the Classes are so numerous and geographically dispersed that joinder of all members is impracticable.

37. There are questions of law and fact common to the Classes. These common questions relate to the existence of the conspiracy alleged, and to the type and common pattern of injury sustained as a result thereof. The questions include but are not limited to:

(a) Whether Defendants and their co-conspirators engaged in a combination and conspiracy among themselves to fix, raise, maintain or stabilize fuel surcharges imposed for LTL services sold in the United States;

(b) The identity of participants in the conspiracy;

(c) The duration of the conspiracy alleged in this Complaint and the nature and character of the acts performed by Defendants and their co-conspirators in furtherance of the conspiracy;

(d) Whether the alleged conspiracy violated §1 of the Sherman Act;

(e) Whether the conduct of Defendants and their co-conspirators, as alleged in this Complaint, caused injury to the business and property of Plaintiff and other members of the Class;

(f) The effect of Defendants' conspiracy on the prices of LTL services sold in the United States during the Class Period; and

(g) The appropriate measure of damages sustained by Plaintiff and other members of the Damages Class.

38. Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of other members of the Class, and plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiff paid "fuel surcharges" for LTL services directly to Defendants. Plaintiff's interests are aligned with, and not antagonistic to, those

of the other members of the Class. In addition, Plaintiff is represented by competent counsel experienced in the prosecution of antitrust and class action litigation.

39. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for Defendants.

40. Defendants have acted, and refused to act, on grounds generally applicable to the Injunctive Relief Class, thereby making appropriate final injunctive relief with respect to this entire Class.

41. The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Classes are readily definable from records in the files of Defendants and their co-conspirators. Prosecution as a class action will eliminate the possibility of repetitious litigation. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by members of the Classes who otherwise could not afford to litigate an antitrust claim such as is asserted in this Complaint. This class action presents no difficulties of management that would preclude its maintenance as a class action.

## CLAIM FOR RELIEF
### (For Violation of 15 U.S.C. §1)

43. Plaintiff realleges and incorporates each and every allegation set forth above as if fully written herein.

44. From a date unknown, but at least from July 30, 2003, and continuing

through the present, Defendants and their co-conspirators have combined, conspired and/or contracted to restrain interstate trade in violations of 15 U.S.C. §1.

45. In furtherance of the unlawful conspiracy, upon information and belief, each of the Defendants and their co-conspirators has committed overt acts, including, *inter alia*:

(a) agreeing to charge prices at certain levels and otherwise to fix, increase, maintain or stabilize prices of fuel surcharges of LTL services sold in the United States;

(b) communicating with co-conspirators regarding prices to be charged for LTL "fuel surcharge" services;

(c) meeting with co-conspirators in order to keep the existence of the conspiracy unknown so as to foster the illegal anti-competitive conduct described herein; and

(d) refraining from competition by refusing to offer fuel surcharges and LTL services at prices below the agreed-upon fixed price.

46. Defendants and their co-conspirators engaged in the activities described above for the purpose of effectuating unlawful arrangements to fix, maintain, raise and/or stabilize prices of fuel surcharges on LTL services.

47. Defendants' anti-competitive agreement was implemented by, *inter alia*, instituting surcharges calculated by reference to publicly published indices. These coordinated price increases continued on a regular basis through the present, with the actual and intended result that Plaintiff and members of the Class paid supracompetitive prices for fuel surcharges on LTL services. Defendants falsely attributed these price increases to the cost of fuel. As a direct and proximate result of the fuel surcharges on LTL price-fixing conspiracy, Defendants have restrained competition in the LTL market and injured Plaintiff and each Damages Class member in their business and property in that they have each paid a higher price for fuel surcharges on LTL services than they

would have paid absent the concerted unlawful activity.

48. The conduct of Defendants and their co-conspirators constitutes a *per se* violation of §1 of the Sherman Act, 15 U.S.C. §1.

49. In the alternative, the conduct of Defendants and their co-conspirators is a rule of reason violation of §1 of the Sherman Act, 15 U.S.C. §1 given there is no legitimate business or procompetitive justification for the actions complained of herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. The Court determines that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

B. The contract, combination or conspiracy, and the acts done in furtherance thereof by Defendants and their co-conspirators, be adjudged to have been in violation of §1 of the Sherman Act, 15 U.S.C. §1.

C. Judgment be entered for Plaintiff and members of the Damages Class against Defendants for three times the amount of damages sustained by Plaintiff and the Damages Class as allowed by law, together with the costs of the action, including reasonable attorneys' fees.

D. Defendants, their affiliates, successors, transferees, assignees, and the officers, directors, partners, agents and employees thereof, and all other persons acting or claiming to act on their behalf, be permanently enjoined and restrained from, in any manner:

(i) Continuing, maintaining or renewing the contract, combination or conspiracy alleged herein, or from engaging in any other contract, combination or conspiracy having a similar purpose or effect, and from adopting or following any practice, plan, program or device having a similar purpose or effect; and

(ii) Communicating or causing to be communicated to any other person engaged in the manufacture, distribution or sale of any product except to the extent necessary in connection with a bona fide sales transaction between the parties to

such communications.

E.  Plaintiff and members of the Class have such other, further and different relief as the case may require and the Court may deem just and proper under the circumstances.

### JURY DEMAND

Plaintiff demands a trial by jury of all of the claims asserted in this Complaint so triable.

Date:  October 24, 2007

Respectfully submitted,

/s/ Gary E. Mason
_____
Gary E. Mason
DC Bar #418073
THE MASON LAW FIRM, L.L.P.
1225 19th St., NW, Ste. 500
Washington, D.C. 20036
Telephone: 202.429.2290
Facsimile:  202.429.2294


William M. Audet
Adel A. Nadji
AUDET & PARTNERS, L.L.P.
221 Main Street, Suite 1460
San Francisco, California 94105
Telephone:  415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiff and the Class*

Of Counsel:
Siamak Pishvaee, JD, MBA
Pishvaee & Associates
2934 1/2 Beverly Glen Circle, #269
Bel Air, CA 90077
Telephone: (310) 694-8080
Facsimile: (310) 694-8081

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
BB Limited
1158 26th Street # 477
Santa Monica, CA 90403

## DEFENDANTS
YRC Worldwide, Inc., et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **88888**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary E. Mason
The Mason Law Firm, LLP
1225 19th Street, NW
Suite 500
Washington, DC 20036
(202) 429-2290

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
● 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☒ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)      OR      ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
§§4 and 16 of the Clayton Act, 15 U.S.C. §§15 and 26

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  [X]   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES [X]   NO [ ]

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES [X]   NO [ ]   If yes, please complete related case form.

DATE October 24, 2007   SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.