IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BB LIMITED,<br><br>   Plaintiff,<br><br> vs.<br><br>YRC WORLDWIDE, INC.; FEDEX CORPORATION; UNITED PARCEL SERVICE, INC.; CON-WAY FREIGHT, INC.; ARKANSAS BEST CORPORATION; AVERITT EXPRESS; JEVIC TRANSPORTATION, INC.; NEW ENGLAND MOTOR FREIGHT, INC.; OLD DOMINION FREIGHT LINE, INC.; R&L CARRIERS, INC.; and SAIA, INC.,<br><br>   Defendants. | Civil Action No. 1:07-cv-1920-RBW<br><br>**JOINT MOTION AND STIPULATION REGARDING RESPONSE TO COMPLAINT PENDING DECISION ON MDL MOTION** |

  Plaintiff and Defendants, by and through their counsel of record, hereby submit this Joint Motion and Stipulation Regarding Response To Complaint Pending Decision on MDL Motion.

  WHEREAS Plaintiff filed a Complaint in the above-captioned case on or about October 24, 2007;

  WHEREAS Plaintiff alleges price fixing of fuel surcharges for less-than truckload truck shipments;

  WHEREAS other plaintiffs have filed at least forty other complaints in federal district courts around the country based on the same or similar allegations and naming some or all of the same defendants (collectively "the LTL Shipping Services Antitrust Cases");

  WHEREAS numerous motions have been filed before the Judicial Panel on Multidistrict Litigation ("JPML") for the purpose of consolidating for pretrial purposes all of the LTL Shipping Services Antitrust Cases ("MDL No. 1895") in one district court pursuant to 28 U.S.C. § 1407;

SF1 1475814v.1

WHEREAS the JPML will conduct a hearing on November 29, 2007 in MDL No. 1895 to determine whether and where the cases will be consolidated;

WHEREAS the parties anticipate that the cases will be transferred to a single federal district court and consolidated, and there will be a consolidated amended complaint;

WHEREAS the parties have agreed that an orderly schedule for any response to the pleadings, allowing for the transfer and consolidation of cases, would be more efficient for the parties and for the Court;

WHEREAS Plaintiff agrees that the deadline for Defendants to respond to the Complaint should be extended until the earlier of the following three dates: (1) forty-five days after the filing in the MDL transferee court of a Consolidated Amended Complaint in the LTL Shipping Services Antitrust Cases; (2) forty-five days after Plaintiffs provide written notice to Defendants that they do not intend to file a Consolidated Amended Complaint, provided that such notice may be given only at or after the initial case management conference in the MDL transferee court; or (3) such other date as set by the MDL transferee court;

WHEREAS Defendants agree that the defense counsel identified below will accept service on behalf of their clients of all complaints in this matter, including any amended or consolidated complaints, and that such Defendants shall not contest the sufficiency of process or service of process; provided, however, that this Stipulation does not constitute a waiver of any other defense, including but not limited to the defense of lack of personal or subject matter jurisdiction, improper venue, or service of an improper entity;

WHEREAS Plaintiff and Defendants agree that notwithstanding the above paragraphs, should any Defendant to whom this extension applies respond to a complaint in another of the LTL Shipping Services Antitrust Cases prior to the date contemplated by this Stipulation, then such defendant shall make a simultaneous response to the complaint in the above-captioned matter and, should any Defendant respond or undertake to respond to discovery or otherwise engage in facilitation of case management in another of the LTL Shipping Services Antitrust

2

Cases prior to the date contemplated by this Stipulation, then such Defendant shall engage in similar discovery or case management activity in this case.

THEREFORE, PLAINTIFF AND DEFENDANTS, BY AND THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1. The deadline for the Defendants to respond to the Complaint shall be extended until the earlier of the following three dates: (1) forty-five days after the filing in the MDL transferee court of a Consolidated Amended Complaint in the LTL Shipping Services Antitrust Cases; (2) forty-five days after Plaintiffs provide written notice to Defendants that they do not intend to file a Consolidated Amended Complaint, provided that such notice may be given only at or after the initial case management conference in the MDL transferee court; or (3) such other date as set by the MDL transferee court.

2. The defense counsel identified below shall accept service on behalf of their clients of all complaints in this matter, including any amended or consolidated complaints, and such Defendants shall not contest the sufficiency of process or service of process; provided, however, that by entering into this Stipulation no Defendant waives any other defense, including but not limited to the defense of lack of personal or subject matter jurisdiction, improper venue, or service of an improper entity.

3. Plaintiff and Defendants agree that notwithstanding the above paragraphs, should any defendant to whom this extension applies respond to a complaint in another of the LTL Shipping Services Antitrust Cases prior to the date contemplated by this Stipulation, then such defendant shall make a simultaneous response to the Complaint in the above-captioned matter. Plaintiffs and Defendants also agree that, should any Defendant respond or undertake to respond to discovery or otherwise engage in facilitation of case management in another of the LTL Shipping Services Antitrust Cases prior to the date contemplated by this Stipulation, then such Defendant shall engage in similar discovery or case management activity in this case.

IT IS SO STIPULATED.

Dated: November 8, 2007

THE MASON LAW FIRM, LLP

Gary E. Mason (D.C. Bar No. 418073)
1225 19th St., NW, Ste. 500
Washington, D.C. 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294


By: _____/s/_____
          Gary E. Mason


AUDET & PARTNERS, LLP

William M. Audet
Adel A. Nadji
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: (415) 468-2555
Facsimile: (415) 468-2556

Attorneys for Plaintiff BB Limited

| | |
|---|---|
| Dated: November 8, 2007 | SIDLEY AUSTIN LLP<br>Samuel R. Miller (D.C. Bar No. 285619)<br>555 California Street, Suite 2000<br>San Francisco, CA 94104-1715<br>Telephone: (415) 772-1200<br>Facsimile: (415) 772-7400<br><br>Steven A. Ellis<br>Michelle B. Goodman<br>555 West Fifth Street<br>Los Angeles, CA 90013<br><br>By: _____/s/_____<br>          Samuel R. Miller<br><br>Attorneys for Defendant FedEx Corp. and signing on behalf of Defendants YRC Worldwide, Inc., United Parcel Service, Inc., Con-Way Freight, Inc., Arkansas Best Corporation, Averitt Express, Jevic Transportation, Inc., New England Motor Freight, Inc., Old Dominion Freight Line, Inc., R&L Carriers, Inc. and SAIA, Inc. |
| MAYER BROWN LLP<br>Richard J. Favretto<br>1909 K Street, N.W.<br>Washington, D.C. 20006-1101<br><br>John Nadolenco<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071-1503<br><br>Attorneys for Defendants Arkansas Best Corp. | MILLER & MARTIN PLLC<br>G. Brian Jackson<br>1200 One Nashville Place<br>150 Fourth Avenue<br>Nashville, TN 37219<br><br>LATHAM & WATKINS LLP<br>Margaret M. Zwisler<br>Suite 1000<br>555 Eleventh Street, NW<br>Washington, DC 20004-1304<br><br>Charles H. Samel<br>Suite 4000<br>633 W. Fifth Street<br>Los Angeles, CA 90071<br><br>Attorneys for Defendant Averitt Express, Inc. |

5

SF1 1475814v.1

| | |
|---|---|
| HOWREY LLP<br>Robert G. Abrams<br>Sean Boland<br>Stephen Weissman<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C.  20004<br><br>David G. Meyer<br>550 South Hope Street, Suite 1100<br>Los Angeles, CA 90071<br><br>Attorneys for Defendant YRC Worldwide, Inc. | MORGAN, LEWIS, & BOCKIUS, LLP<br>William P. Quinn, Jr.<br>Mark P. Edwards<br>1701 Market Street<br>Philadelphia, PA  19103<br><br>Attorneys for Defendants Jevic Transportation, Inc. |
| JONES DAY<br>Thomas F. Cullen, Jr.<br>51 Louisiana Avenue, N.W.<br>Washington, D.C.  20001-2113<br><br>John J. Hyland<br>Thomas H. Sear<br>222 East 41st Street<br>New York, NY  10017-6702<br><br>Attorneys for Defendant New England Motor Freight, Inc. | CLIFFORD CHANCE US LLP<br>Leiv H. Blad<br>Boyd T. Cloern<br>2001 K St., N.W.<br>Washington, DC  20006<br><br>INTERNATIONAL PRACTICE GROUP, P.C.<br>Guillermo Marrero<br>600 West Broadway, Suite 1520<br>San Diego, CA  92101<br><br>Attorneys for Defendant Old Dominion Freight Line, Inc. |
| BAKER, DONELSON, BEARMAN,<br>   CALDWELL & BERKOWITZ, PC<br>David B. Hall<br>1600 Wachovia Tower<br>420 North 20th Street<br>Birmingham, AL  35203<br><br>John G. Calender<br>Lincoln Square<br>555 Eleventh Street, N.W., Sixth Floor<br>Washington, D.C.  20004<br><br>Attorneys for Defendant R+L Carriers, Inc. | BRYAN CAVE LLP<br>W. Perry Brandt<br>One Kansas City Place<br>1200 Main Street, Suite 3500<br>Kansas City, MO  64105-2100<br><br>Attorneys for Defendant SAIA, Inc. |

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>Paul T. Friedman<br>425 Market Street<br>San Francisco, CA  94105-2482<br><br>Gregory B. Koltun<br>555 W. Fifth Street, 35th Floor<br>Los Angeles, CA  90013<br><br>Attorneys for Defendant United Parcel Service, Inc. | GIBSON, DUNN & CRUTCHER LLP<br>Jeffrey T. Thomas<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br><br>Joel S. Sanders<br>One Montgomery Street, Suite 3100<br>San Francisco, CA  94104<br><br>Attorneys for Defendant Con-way Freight Inc. |